**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**–Southern Division–**

| | | |
|---|---|---|
| JOHN SIKKING, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>VANGUARD PARKING SOLUTIONS, INC., *et al.*<br><br>Defendants. | : | Case No. 26-cv-02159-PX |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs, by their undersigned counsel, respectfully submit this Notice of Supplemental Authority to bring to the Court's attention a recent decision of this Court bearing on Defendants Motions to Compel Arbitration (the "Motions," ECF Nos. 15 and Motion to Compel Arbitration (the "Motion," ECF Nos. 15, 28), as supplemented (ECF No. 18), and briefed through Plaintiffs' proposed Surreply (ECF No. 29-2).

On September 28, 2026 - after briefing on the Motions closed - Judge Matthew J. Maddox issued a Memorandum Opinion and Order in *Cheezum v. Vivid Seats, Inc.*, No. MJM-25-3432, 2026 WL 2902132 (D. Md. Sept. 28, 2026). A copy of the decision is attached as Exhibit A.

In *Cheezum*, the Court denied the defendants' motion to compel arbitration, holding that the arbitration agreement contained in the defendants' online Terms of Use was "unsupported by consideration because [the defendant's] unilateral right to modify their terms without notice renders its promises illusory," and therefore unenforceable. Exhibit

A at 10. The Court further held that a business's reservation of the right to post modified terms on its website, without notice to the other party, is the "type of after-the-fact, ineffectual notice" that the Fourth Circuit rejected in *Johnson v. Continental Finance Co.* and *Trimble v. Entrata, Inc.*, and that "places no constraint on [the drafter's] ability to escape its contractual obligations whenever it sees fit." Exhibit A, at 8.

*Cheezum* is pertinent to the pending Motion because it addresses one of the same questions presented here — whether a unilateral right to modify an agreement without notice renders an arbitration provision illusory and unenforceable. As Plaintiffs explained in their proposed Surreply, Vanguard's governing terms purport to authorize Vanguard to unilaterally change the documents that form an integral part of its terms, which would render the arbitration agreement illusory and unenforceable. ECF No. 29-2, at 5. *Cheezum* applies the controlling Fourth Circuit authority on which Plaintiffs rely, including *Trimble v. Entrata, Inc.* and *Coady v. Nationwide Motor Sales Corp.*, and reaches that result as a matter of law. Exhibit A, at 8.

Plaintiffs submit this Notice solely to apprise the Court of this recent, on-point authority and do not, by this filing, raise new argument beyond that already presented in their Opposition and proposed Surreply.

Dated October 30, 2026

Respectfully Submitted,

*/s/ Benjamin H. Carney*
Benjamin H. Carney (D. Md. No. 27984)
GORDON, WOLF & CARNEY, CHTD.
11350 McCormick Road
Executive Plaza 1, Suite 1000
Hunt Valley, MD 21031

Tel. (410) 825-2300
bcarney@GWCfirm.com

*/s/ Joseph Mack*_____________
Joseph Mack (D.Md. Bar No. 29021)
The Law Offices of Joseph S. Mack
PO Box 65066
Baltimore, MD 21209
Tel. (443) 423-0464
joseph@macklawonline.com

*Attorneys for Named Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of October 2026, a copy of the foregoing was served via the Court's ECF system on all counsel of record.

/s/Joseph Mack__________
Joseph Mack